

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00307-CR

Jerry **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 17-01-0032-CRA
Honorable Stella Saxon, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 18, 2018

AFFIRMED

Jerry Rodriguez appeals his conviction for possession of a controlled substance of less than one gram. His sole issue on appeal is that there is legally insufficient evidence that he possessed the controlled substance. Viewing the evidence in a light most favorable to the jury's verdict, we hold the evidence is legally sufficient and therefore affirm the trial court's judgment.

### BACKGROUND

In November 2016, Department of Public Safety trooper Matthew Ruiz stopped a car that had an inoperable brake light. The driver of the car identified himself as Jerry Rodriguez, and it

appeared to Trooper Ruiz that Rodriguez was nervous. When Rodriguez told Trooper Ruiz he did not have his identification, Trooper Ruiz asked Rodriguez to exit the car. After exiting the car, Rodriguez spontaneously told Trooper Ruiz, "I don't have nothing. I don't do drugs." Rodriguez gave Trooper Ruiz consent to search the car, and Trooper Ruiz found a baggie of methamphetamine in the car's center console.

Rodriguez was arrested and thereafter indicted for possession of a controlled substance. The case proceeded to a jury trial at which Trooper Ruiz testified. A DPS forensic scientist testified he tested the substance in the baggie and confirmed it was methamphetamine. The trial court admitted into evidence video recordings from cameras inside Trooper Ruiz's car. The jury found Rodriguez guilty and assessed punishment at one year in state jail and a fine of $10,000. The trial court imposed the sentence, and Rodriguez timely appealed.

### DISCUSSION

Rodriguez's sole issue on appeal is there is legally insufficient evidence that he possessed the methamphetamine found in the car. In reviewing the legal sufficiency of the evidence, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally," and we must "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (quotation marks and citations omitted).

The sole element of the offense that Rodriguez challenges on appeal is "possession." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102 (West Supp. 2017), § 481.115 (West 2017)

(providing an offense for "possession" of a Penalty Group 1 controlled substance, such as methamphetamine). "'Possession' means actual care, custody, control, or management." *Id.* § 481.002(38) (West 2017); *see Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). "When the contraband is not in the exclusive possession of the defendant, a fact finder may nonetheless infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference." *Tate*, 500 S.W.3d at 413. "A defendant's mere presence is insufficient to establish possession." *Id.*

We consider a non-exclusive list of affirmative links indicating that a defendant intentionally or knowingly possessed contraband: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Id.* (citing *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006)). However, the ultimate test is "that set forth in *Jackson*: Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Id.* (citing *Jackson*, 443 U.S. at 318-19).

Trooper Ruiz testified the baggie of methamphetamine was found in the car's center console outside of plain view. He also testified the registration Rodriguez provided during the stop

showed the car was registered to Jose P. Rodriguez, and he was unable to determine the relationship between Rodriguez and the individual to whom the car was registered. However, Trooper Ruiz testified Rodriguez was in exclusive possession of the car where the drugs were found; Rodriguez was present when the search was conducted; and the baggie of methamphetamine was found in the car's center console to the right of the driver's seat. *See Avelarmunoz v. State*, No. 02-15-00297-CR, 2016 WL 1163210, at \*4 (Tex. App.—Fort Worth Mar. 24, 2016, no pet.) (mem. op., not designated for publication) (holding location of drugs in car's center console and driver's sole possession of car implicated driver despite no evidence that driver owned the car). Rodriguez argues the State did not prove all of the above-listed factors, but it was not required to do so. *See Tate*, 500 S.W.3d at 413.

There is some evidence showing the car where the methamphetamine was found did not belong to Rodriguez, and courts have cautioned against relying solely on the defendant's exclusive control of a car when contraband is found in the car's compartments. *See Menchaca v. State*, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref'd). In such cases, depending upon the circumstances, additional evidence of consciousness of guilt may support a jury's finding of intentional or knowing possession depending on the circumstances; whereas, the evidence might be legally insufficient without evidence of consciousness of guilt. *Compare id.* (affirming conviction with evidence of consciousness of guilt), *with McCraw v. State*, 117 S.W.3d 47, 56 (Tex. App.—Fort Worth 2003, pet. ref'd) (reversing conviction under similar facts when there was only vague subjective evidence of consciousness of guilt).

Here, Trooper Ruiz testified Rodriguez appeared nervous and avoided eye contact when handing him the car's registration and when talking to him. Trooper Ruiz further testified that as Rodriguez exited the car, Rodriguez spontaneously denied having what he suggested was contraband, and then more specifically mentioning drugs, in his possession. We hold this is

evidence showing Rodriguez exhibited consciousness of guilt, which further linked him to the methamphetamine found in the car's center console. *See Menchaca*, 901 S.W.2d at 652 ("The jury may have rationally inferred from this evidence that Appellant's knowledge of the contraband was the cause of his nervousness."). Considering the evidence as a whole and in a light most favorable to the jury's verdict, we hold the jury rationally could have found beyond a reasonable doubt that Rodriguez had actual care, control, custody, or management of the methamphetamine. *See id.*; *see also Tate*, 500 S.W.3d at 413. We therefore hold there is legally sufficient evidence that Rodriguez intentionally or knowingly possessed the methamphetamine found in the car.

### CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH